[No. 9,510.  In Bank.—November 24, 1884.]
JUAN R. HILL, APPELLANT, v. JOHN B. WALL,
RESPONDENT.

GUARDIAN AND WARD—SALE OF LAND BY GUARDIAN—ORDER OF SALE—DE-
SCRIPTION.—An order of the probate court for the sale of the land of a mi-
nor by his guardian, must contain in itself a definite and certain description
of the land to be sold.  The description contained in the order cannot be
helped out by reference to documents not contained in the order itself.

APPEAL from a judgment of the Superior Court of the coun-
ty of Santa Barbara, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*B. F. Thomas*, for Appellant.

*W. C. Stratton*, for Respondent.

MORRISON, C. J.—Plaintiff brought ejectment in the Supe-
rior Court of Santa Barbara county, for the recovery of a por-
tion of the rancho La Patera y La Golita, particularly described
in the complaint.  Defendant had judgment; plaintiff moved
for a new trial, which was denied, and the appeal is from the
judgment, as well as from the order of the court denying a new
trial.

On the hearing of the motion for a new trial it was stipulated
"that the land sold to defendant's grantor at the guardian's sale
was the land of the plaintiff and his brother, Thomas Hill."
This was the land in controversy.  It was further agreed that
the stipulation might be incorporated in plaintiff's statement on
motion for a new trial, and on appeal to the Supreme Court.
By the foregoing stipulation, it was admitted that plaintiff and
his brother were the owners of the land in controversy at some
time anterior to the making of the stipulation, and plaintiff's
right of recovery was a consequence of such stipulation, unless
defendant proved title out of the plaintiff at the time the action
was brought.  This he attempted to do by the introduction in
evidence of certain proceedings in the probate court.  These
proceedings consisted of an order of the probate court of Ven-
tura county, bearing date February 5, 1875, appointing Maria
Los Angeles Burke de Hill guardian of Juan B. Hill (the plain-
tiff) and his infant brother Thomas M. Hill.  The petition for

letters of guardianship was filed in the probate court of San-
ta Barbara county—the place of residence of the minors, and
was transferred from that county to the county of Ventura, for
the reason, as the order states, that the judge of the former
county was disqualified to act in the matter. Plaintiff objected
to the introduction in evidence of the letters of guardianship, on
the ground that the probate court had no jurisdiction to make
the order, and on the further ground that it was not shown that
the notice required by law had been given.

The next step in the order of defendant's proof was a petition
by said guardian for the sale of the lands of the two wards, to
raise money for their support and education.

On the 14th day of June, 1875, the probate court of Ventura
county, by its order, authorized the guardian of the wards to
sell all the right, title and interest of her wards in and to the
following real estate: " Twenty and one-half acres of the ran-
cho La Golita, being the share of a tract of thirty-one acres
alloted to said minors by a decree of the district court of Santa
Barbara county, in a suit in partition, wherein the guardian here-
in and the mother of said minors was plaintiff, and said minors
were defendants."

The defendant then offered in evidence an order of the pro-
bate court of Ventura county, dated January 31, 1876, reciting
a sale of said lands to one G. H. Lillard, confirming the sale, and
ordering the execution to him of the proper legal conveyance
to pass the title to the land sold. Defendant then offered in ev-
idence a deed from said guardian to G. H. Lillard, dated the
11th day of February, 1876, conveying to him all the right, ti-
tle and interest of said minor children to the land in controversy,
and also a deed from said Willard to defendant for the same
property, bearing date October 26, 1876.

In rebuttal, the plaintiff offered in evidence a petition and
subsequent order of the probate court of Santa Barbara county,
dated the 11th day of December, 1876, appointing Rabaela Hill,
the grandmother of said children, their guardian. Plaintiff al-
so offered in evidence the order of the probate court of Ventura
county, fixing a time for the hearing of the petition of the guar-
dian for the sale of said lands, and ordering that a notice of such
application be given for three successive weeks next before the

hearing of said application, in the *Santa Barbara Index*, a newspaper published in the county. Defendant objected to the evidence, and the objection was sustained. The plaintiff then offered in evidence the affidavit of the printer of the newspaper, to prove that the required notice was not published for three successive weeks next before the hearing of the application. To the introduction of this affidavit in evidence objection was made, on the ground " that the recital in the order of the court authorizing the sale, that due publication of such notice had been given, was conclusive of the fact of publication," and thereupon objection was sustained to all inquiry in regard to the fact of publication.

The appellant assigns numerous grounds of error, but it will be sufficient for the purposes of this appeal to notice one of them, as it is decisive of the case.

This point relates to the sufficiency of the order of sale, and that point, we think, is well taken. The order does not describe the land to be sold with sufficient certainty. The description found in the order of sale is of "twenty and one-half acres of the Rancho La Golita, being the share of a tract of thirty-one acres alloted to said minors by a decree of the district court of Santa Barbara county, in a suit in partition, wherein the guardian herein and mother of said minors was plaintiff, and said minors were defendants."

The order of sale must be in itself sufficient; and to make it so, the description of the land to be sold must be sufficiently definite and certain, without reference to any extraneous matter. Section 1544, C. C. P., provides that the order of sale must describe the lands to be sold, and the record cannot be helped out by reference to a document not found in it. This question was fully considered by this court in the case of *Crosby* v. *Dowd*, 61 Cal. 557, and the reasoning in that case applies to the one now in hand.

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., MCKINSTRY, J., MYRICK, J., ROSS, J., and THORNTON, J., concurred.

MCKEE, J., dissenting.—I dissent. The controlling question in the case relates to the jurisdiction of the probate court of

Ventura county to order a sale of the land in controversy, as the estate of Juan R. and Thomas W. Hill, who were minors and wards of the court.

Assuming that the guardian of the minors had been properly appointed, that she filed a petition according to law for a sale of the estate of the wards, and that the court in Ventura county had jurisdiction to hear the same; it was objected that the action by the court in ordering a sale was void, because neither the petition nor order of sale contained a sufficient description of the land. The objection was overruled, and the ruling is assigned as error.

In fact, the petition contained the following description of the land, viz:

" Said real estate is all situated on the rancho La Golita, in the county of Santa Barbara, in this State, and is described as follows, to wit: The first piece or parcel, and the same which guardian, your petitioner, desires an order to sell, contains twenty and a half acres allotted to said minors in a partition suit had in the district court of the county of Santa Barbara, wherein your petitioner was plaintiff, and said minors defendants: for a further and more particular description of which, see inventory and appraisement on file herein."

Reference to the inventory and appraisement shows the land described as follows, viz:

" A certain piece or parcel of land situate, lying and being on rancho La Golita, in the county of Santa Barbara, in this State, containing twenty and a half acres, being the share of a tract of thirty-one acres allotted to said minors by a decree of the district court of Santa Barbara county, in a suit of partition, wherein the guardian herein, and mother of said minors, was plaintiff, and said minors defendants; and bounded and described as follows:

" Commencing at Post No. 41, thence running N. 7.56 chains to Post No. 42; thence N. 85° W., 61 chains to Post No. 33; thence S. 7.56 chains to Post No. 32; thence S. 85° E., 41 chains to the place of beginning, containing thirty-one (31) acres, and marked on said map as Heirs of J. J. Hill, ' 5.' "

The order of sale recites that " said minors have no other property than the real estate described in said petition * * *

that it is necessary and beneficial that a portion of said real estate be sold, for the reason that the proceeds of such a sale are necessary for the maintenance and education of said wards; and as no good reason exists why the order of sale should not be granted, as prayed in said petition * * * therefore the guardian is authorized to sell all the right, title, and interest of her said wards in the following real estate, situated in the county of Santa Barbara, and bounded and described as twenty and one-half acres on rancho La Golita, being the share of a tract of thirty-one acres allotted to said minors by a decree of the district court of Santa Barbara county, in a suit of partition, wherein the guardian herein and mother of said minors was plaintiff, and said minors defendants. Dated, June 14, 1875."

Under these proceedings the property was sold, the purchase money paid to the guardian ; confirmation of the sale was duly made, and a deed executed and delivered to the purchaser, under which he entered upon the land and has had possession since. But his title thus acquired is assailed, because it is said the probate court that ordered the sale of the land and confirmed the same, acquired no jurisdiction to make the order or confirmation because of the defective description of the land in the proceedings.

Unquestionably, the probate court must have had jurisdiction of the land affected by the order of sale, otherwise the order would be a nullity. But the record sufficiently discloses that the court acquired jurisdiction over the cause, over the parties, and over the land, and that was all that was necessary to give validity to its order. (§ 1917, C. C. P.) Admit that the description of the land in the record was defective or inaccurate as a matter of pleading, and that the defect or inaccuracy was carried into the order of sale ; the order was not thereby rendered void, in the sense that it was assailable in a collateral attack. Having been rendered by a court of competent and exclusive jurisdiction, in a proceeding of which it had jurisdiction, the order is not assailable collaterally for a merely defective or inaccurate description of the subject matter of the order.

*Certum est quod certum reddi potest,* is a rule of logic as well as of law, for solving any incertitude in expressions of time or descriptions of land. It is, says Broom on Legal Maxims (p.

600), peculiarly applicable to written instruments, such as feoff-
ments, grants, wills, leases, contracts, etc.   Hence the gen-
eral rule, that any description of land in a deed by which the
land may be identified by a county surveyor, or with reasonable
certainty, either with or without the aid of extrinsic evidence,
is sufficient.  . (*Smiley* v. *Fries*, 104 Ill. 416.)

The rule is not limited in its application to deeds.   Says the
Supreme Court of Alabama : " The same rule should be applied
when a decree is assailed because of an inaccurate or imperfect
description of the lands.   If inaccuracy or imperfection of de-
scription of the lands could be held to vitiate the proceedings,
then the inquiry would at once arise, What degree of inaccuracy
will subject them to condemnation ?   How gross must it be, or
what imperfections are so slight, that they may be disregarded ?
When will validity or invalidity be imputed ?   Vagueness of
description or mistakes, so that lands are entirely misdescribed,
do not avoid a deed or grant.   * * *   Parol evidence is re-
ceived to identify the lands intended to be described.   Indefi-
niteness and discrepancies in the description of lands in the pe-
tition, order of sale, report of sale and conveyance of title, it
has been expressly decided, do not invalidate the sale, and parol
evidence is admissible to fix the boundaries of the lands ordered
to be sold." ( *Wright's Heirs* v. *Ware*, 50 Ala. 559.)

And the same court, in the case of *Smitha* v. *Flournoy*, 47
Ala. 360, says :  " The application in the case avers all the facts
required by the code, and the description of the land, if not per-
fectly accurate, is accurate as far as it goes.   It would be suf-
ficient in a deed and in a will.   * * *   Such a description is
sufficient to bring the subject within the jurisdiction of the
court.   * * *   It entitled the court to proceed.   This was all
that was needed to give validity to its judgment." ( *Comstock*
v. *Crawford*, 3 Wall. 396.)

So in *Alexander* v. *Knox*, 6 Sawyer, 54, which was an action
of ejectment by one who derived title from a purchaser at a
foreclosure sale, to recover possession of a half-section of land
known as Claim No. 70, lying in sections 35 and 36, in town-
ship 20 south, of range 3 west, of the Wallamet meridian.
The decree of foreclosure described the land as " Claim 70, in
T. 29 S., R. 3 W., of the Wallamet meridian."   The court, by

the aid of extrinsic evidence, in taking judicial notice of public surveys under an act of Congress, held that the description was just as certain as a description by reference to the sections in the township and range. (See also *Wright's Heirs* v. *Ware,* *supra.*)

In *Crosby* v. *Dowd,* this court held that a description of mortgaged premises was absolutely void; but in this case, I think the description of the land in the petition and order of sale was sufficient to sustain the sale when collaterally attacked.