## LITTLEHEAD v. MOUNT et al.

13178—Opinion Filed April 22, 1924.

Rehearing Denied May 27, 1924.

### 1. Guardian and Ward—Sale of Minor's Land—Validity.

In an action in ejectment and to quiet title, it was alleged by the plaintiff in her petition that the land in controversy had been allotted to her deceased uncle, through whom she inherited the one-half undivided interest therein, and that the land had been sold during her minority by the probate court in the year of 1910, and a guardian's deed executed to a purchaser, through whom the defendants claim, for a consideration of $345; that at such sale her interest in the allotment of her said deceased uncle was sold in a single probate sale proceeding along with her interest in the allotments of six other deceased relatives, and that the probate court ordered a sale at private sale of all right, title, and interest of the plaintiff in the allotment of said deceased uncle at the time of sale without knowing the amount of the interest the plaintiff owned therein; that the appraisers appointed by the probate court were ordered to appraise the tract of land allotted to said deceased uncle, as well as to appraise the tracts of land allotted to six other deceased relatives, but that said appraisers failed to make an appraisement of the various tracts of land, but attempted to fix the value of the interest of the plaintiff in the allotment of said deceased uncle at $345, without knowing the amount of such interest. Held, that it does not necessarily result that the probate court on confirmation could not know the amount of plaintiff's interest and approved the sale on confirmation without appraisement and without knowing as a matter of fact the amount of plaintiff's interest therein, and without knowing that the bid received was 90 per cent. of the appraised value of the interest of the plaintiff in the land; and held, further, that the sale was not void upon this ground, and that the petition fails to state a cause of action and will not be sustained against general demurrers interposed by the defendants.

### 2. Same—Description of Interest Sold.

A probate sale of the real estate of a minor does not depend for its validity upon a judicial determination of the amount of the interest owned by such minor in the lands sold, and a sale of all right, title, and interest is a sufficient description to uphold the sale.

### 3. Same—Private Sale of Interest in Several Allotments in One Proceeding.

A probate court has power to order a sale of an interest in land owned by a minor, described as all right, title, and interest therein, at private sale, and has power to order a sale of such interest in several allotments in one proceeding.

### 4. Same — Judgments of County Court — Presumption of Validity.

The county court is a court of general probate jurisdiction and it should not be held to have acted in excess of its jurisdiction, unless it clearly appears that it entered a decree not authorized by law, and in order to uphold a probate sale, this court will indulge every reasonable presumption in favor of the validity of the judgment.

### 5. Same—Presumption as to Appraisement.

Upon confirmation, the probate court must examine the return and witnesses, and ascertain whether the sale was fairly made, and ascertain the manner by which the property was sold, and the price received for the interest of the minor, and if there has in fact been an appraisement, it will be presumed, though the appraisement may be irregular, that there was sufficient showing made to the court to justify a finding of the court that the property sold for 90% of its appraised value, and that the sale had been legally and fairly made, unless it appears that the court under no circumstances could so find.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Valjean Biddison, Judge.

Action by Ada Littlehead, an adult incompetent person, by her next friend and legal guardian, Harry F. Eagan, against Emmett E. Mount et al. Judgment for defendants, and plaintiff appeals. Affirmed.

Vilas V. Vernor and Robinson & Mieher, for plaintiff in error.

Biddison & Campbell, for defendants in error.

Stone, Moon & Stewart, amici curia on behalf of defendants in error.

Opinion by FOSTER, C. This was an ac-

tion in ejectment and to quiet title commenced by the plaintiff in error, as plaintiff, in the district court of Tulsa county, Okla., against the defendants in error, as defendants.

The parties will be referred to as they appeared in the court below.

From a judgment of the trial court sustaining demurrers interposed by the defendants to the second amended petition of the plaintiff, the plaintiff appeals and assigns as error the action of the trial court in sustaining the demurrers, and dismissing her petition.

It is alleged by the plaintiff in her petition that the land in controversy was allotted to one William Littlehead, a full blood Creek Indian, through whom she inherited the one-half undivided interest therein, and that the claim of title by the defendants is based upon a purported guardian's sale and deed to her interest therein made on July 12, 1910, for a consideration of $345; that said guardian sale and deed was void and did not pass the title to the purchaser at said sale for the reason that her interest in the allotment of William Littlehead was sold in a single probate sale proceeding along with her interests in the allotments of six other deceased relatives, and that the probate court of Muskogee county, on May 12, 1910, ordered the sale of all the right, title, and interest of the plaintiff in the allotment of William Littlehead without knowing what interest the plaintiff owned therein at private sale without causing a valid appraisement of the land to be made; that the appraisers appointed by the county court were by the court ordered to appraise the tract of land allotted to William Littlehead, as well as to appraise the tracts of land allotted to the other six deceased relatives of the plaintiff, but that said appraisers failed to make an appraisement of the various tracts of land, but attempted to fix the value of the interest of the plaintiff therein, and that this action by the appraisers necessarily resulted in a confirmation by the court of the sale without any appraisement whatever and without the county court being able to know upon confirmation that the bid accepted and confirmed was 90 per cent. of its appraised value.

No fraud is alleged. The first inquiry is: Can the probate court make a sale of all the right, title, and interest, undivided or otherwise, in a tract of land belonging to a minor without specifying what proportionate part of the land is owned by such minor?

No case is cited holding that in a judicial sale made by the county court of the lands of a minor a description of the interest old, as all the right, title, and interest of the minor therein, is not a sufficient description, except the case of Hill v. Fall, 66 Cal. 130, 4 Pac. 1139, and this case appears to have been subsequently overruled by the Supreme Court of California in the case of Sepulveda v. Baugh, 16 Pac. 223.

The true rule seems to be that a judicial sale does not depend for its validity upon a judicial ascertainment of the nature and extent of the interest in the land sold, and that a sale of all the right, title, and interest is a sufficient description to uphold the sale. Treptow v. Henry Buse et al., 10 Kan. 170; Strawn v. Brady, 84 Okla. 66, 202 Pac. 505; Meyer v. Farquharson et al., 46 Cal. 190.

Neither has any case been cited in support of the proposition that a probate court has not power to order a sale of an interest in land described as "all right, title, and interest" at private sale.

It must be borne in mind that the county court of Muskogee county was a court of general probate jurisdiction, and we know of no statute which denies to such court the right to sell such an interest at private sale if the jurisdictional requirement of due appraisement has been met, and it will be presumed upon collateral attack, in the absence of fraud, which has not been alleged, that that court acted correctly and with due authority in making the order of sale. Freeman on Judgments, section 124.

Nor have any authorities been cited denying to the county court power to order a sale in one proceeding of the interest of one minor in several allotments.

The case of Jackson v. Carroll, 86 Okla. 220, 207 Pac. 735, cited by plaintiff, was a case where the county court was denied power to order a sale of the separate allotments of more than one minor in a single sale and upon a single bid, where the effect of the order of sale necessarily resulted in the sale of one minor's property for the benefit of another, and hence cannot be made applicable to this case, where one minor's interest in several allotments is offered for sale in a single proceeding.

This court subsequently held, however, in the case of Burris et al. v. Straughn, et al. decided July 10, 1923, pending on rehearing, No. 14147, Oklahoma Appellate Court Reporter, Vol. 23, No. 2, p. 64 (July 27, 1923), under facts similar with the facts in Jack-

son v. Carroll, supra, that a sale of the separate allotments of more than one minor in a single proceeding upon an order of sale authorizing the sale in one tract did not necessarily result in a sale of one minor's property for the benefit of another.

There remains for consideration the question of whether or not the county court of Muskogee county in ordering a sale of all the right, title, and interest of the plaintiff in the allotment of William Littlehead, and a like interest in six other allotments in the same proceeding, at private sale, and in subsequently approving the sale upon a bid by a purchaser of $345, for her interest in the Littlehead allotment, necessarily approved and confirmed the sale without a valid appraisement and without knowing as a matter of fact that the bid received was 90 per cent. of the appraised value of the interest of the plaintiff in the William Littlehead allotment, within the rule laid down in Winters v. Oklahoma Portland Cement Co., 65 Okla. 132, 164 Pac. 965.

We must bear in mind that the county court was a court of general probate jurisdiction, and it should not be held to have lost jurisdiction or to have exceeded its jurisdiction unless it clearly appears that it entered a decree not authorized by law. Pyeatt v. Estus, 72 Okla. 160, 179 Pac. 42; Cornett v. Williams, 20 Wall. (U. S.) 226.

It is not alleged in the second amended petition that the court did not know of the share of interest the plaintiff owned in the allotment of William Littlehead at the time of confirmation, and it must be presumed, in the absence of allegations to the contrary, that the county court of Muskogee county had before it a petition filed by the guardian, in which the nature and extent of the interest of the plaintiff in the allotment of William Littlehead, deceased, was made to appear, and that the court was aware of the amount of such interest. The bare allegation in the petition that the court did not know the nature and extent of this interest, in the absence of fraud, is not sufficient to impeach the records of the county court on collateral attack, if the nature of the case was such that the court upon confirmation in the exercise of its jurisdiction could have known. The action of the board of appraisers in fixing the value of the interest of the plaintiff in the allotment of William Littlehead instead of fixing the value of the land itself did not make it impossible for the court to know upon confirmation that the bid of $345, accepted and confirmed, was 90 per cent. of the appraised value.

It is admitted that both the appraisement returned and the bid received for the land was $345. We concede that if the result of the appraisement of $345, as the value of the interest of the plaintiff in the land was to make it impossible for the court to know upon confirmation that the bid was at least 90 per cent. of the value of the land, that the sale would be void. If we are willing to presume that neither the court nor the appraisers upon confirmation knew as a matter of fact the amount of the interest of plaintiff in the allotment, we might conclude that the sale was void, but we are unwilling to indulge in such presumption, because it is the duty of the court to presume that the court acted lawfully, unless the contrary appears from the face of the record.

It is conceded if the appraisers had returned an appraisement upon the land itself, rather than upon the interest of the plaintiff in the land, that it would have been a valid appraisement, yet it would have been necessary before the court could have known that the amount bid was ninety per cent. of its appraised value to hear evidence as to the amount of the interest of the plaintiff in the land.

In the instant case we must presume that upon the confirmation of the sale, the court examined the appraisers under oath and ascertained from them the amount of the interest they appraised, and that it also examined the bidder and ascertained from him the amount of the interest upon which he bid, and by this process, we must presume that the county court ascertained the existence of a state of facts from which it would appear that the interest was sold for 90 per cent. of its appraised value.

In the case of Burris et al. v. Straughn et al., supra, the court said, in upholding a sale of the allotments of three minors in the county court, where the claim was that the sale was void because the order of sale authorized the three allotments to be made in one tract and resulted in the court being unable to determine what the interest of each minor brought:

"It was proper for the court upon the hearing on this return to investigate this matter and ascertain the manner by which the property was sold and the price received for the interest of each minor and having heard the matter and entered the decree confirming the sale, it will be presumed that there was sufficient showing made to the court to justify the finding of the court that the property sold for 90% of its appraised value. There is nothing in the order of confirmation or in the other proceedings which

precludes us from presuming that the county court properly exercised its jurisdiction and made an order which it was authorized to make. * * *"

We can perceive no obstacle which can prevent the county court on confirmation from ascertaining the true facts in reference to the sale, and even though the appraisement itself may have been irregular, in finding that the appraisement was valid and that the interest was sold for 90 per cent. of its appraised value, and we must presume that these things were done, and that the interest was confirmed upon a bid of at least 90 per cent. of the appraised value of the interest.

While an appraisement is necessary under our statutes, the sale will not usually be set aside for defects in the form of the appraisement, if an appraisement has in fact been made.

In the case of Rice v. Cleghorn, 21 Ind. 80, the Supreme Court of Indiana said:

"But it is said that as the appraisement was made prior to the appointment of any administrator, it was a nullity, and could not, therefore, be allowed to constitute a basis upon which to measure the penalty of the bond. This conclusion is not, it seems to us, strictly correct. The appraisers appear to have been duly sworn, and though they were selected by Cleghorn before he became administrator, still the appraisement was merely irregular.

"The competency of the appraisers, or that their inventory contained a true estimate of the value of the land, does not seem to have been successfully contested. Having been placed on file, and recognized by the court, it was, as an appraisement, within the substantial requirements of the statute."

See also, Noland v. Barrett (Mo.) 26 S. W. 692; Dennis v. Winter, 63 Cal. 17, and Smith v. Biscailuz, (Cal.) 21 Pac. 15.

We are of the opinion that the trial court did not err in sustaining the demurrers to plaintiff's petition.

Judgment of the trial court is therefore affirmed.

By the Court: It is so ordered