## BROWN v. THOMPSON.

No. 9340—Opinion Filed Oct. 29, 1918.

(175 Pac. 931.)

1. **Guardian and Ward—Sale of Land—Motion to Vacate.**

A notice to the purchaser of land at a guardian's sale that a motion has been filed by the guardian to vacate the order confirming the sale, which described the land, the date of sale, the name of the purchaser, the amount of the bid, and the day, hour. and place, when said motion will be heard, signed by the court clerk who has charge of the records of said proceeding, and authenticated by his seal, is a sufficient compliance with section 6388, Rev. Laws 1910.

2. **Same—Recovery of Purchase Money—Evidence.**

The rule of caveat emptor applies to sales of land made by a guardian pursuant to an order of the court, and, in an action to recover damages resulting by reason of the purchaser refusing to pay the purchase money therefor, evidence of statements and misrepresentations made by the guardian at the sale as to the title of said land, for the purpose of defeating a recovery in said action, are inadmissible.

(Syllabus by Davis C.)

Error from District Court, Okfuskee County; George C. Crump, Judge.

Action by McKinley Brown, a minor, by his guardian, T. J. Brown, against W. S. Thompson. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

Frank L. Warren, for plaintiff in error.

C. T. Huddleston and Logan Stephenson, for defendant in error.

Opinion by DAVIS, C. The plaintiff in error, hereinafter referred to as plaintiff, is a minor, and was the owner of certain real estate located in Okfuskee county, Okla. Through his duly appointed guardian an application was made through the probate court of Hughes county, Okla., for permission to sell an 80-acre tract of land in Okfuskee county, Okla. An order was entered authorizing the guardian to sell at public outcry said land, and at the sale the land was struck off to W. S. Thompson, defendant in error, hereinafter referred to as defendant, for the sum of $2,250. The sale was duly confirmed, but defendant refused to pay the purchase price therefor. Under and by virtue of section 6388, R. L. 1910, the probate court had the land resold, and at the subsequent sale it brought the sum of $1,000. The above section provides that a party making a purchase of land, and refusing to complete the same after confirmation. shall be liable in damages for such refusal for the difference of his bid and the amount realized for said land at a subsequent sale.

This action was instituted to recover the sum of $1,250 from the defendant, same being the difference between the amount bid by defendant at the first sale and the amount realized at the second sale. The defense interposed by defendant was that at the time said bid was made, and prior to the time that same was filed, the duly appointed and acting guardian of said minor appeared at the sale and stated to defendant that certain tax deeds then on record against the land to be sold would be released and discharged, and the title thereto cleared, before the defendant would be required to pay for the land thus sold. Defendant states that he relied on said statements and representations so made by the guardian of said minor as to the clouds then appearing on the title of said land, but that at the time of the confirmation of the sale so made the said guardian had neglected and refused to procure a release and discharge of said tax deeds, and for that reason he refused to accept the land in question. It was further alleged that there was not sufficient notice served on defendant, as required by section 6388, R. L. 1910, prior to the date on which the order confirming sale was vacated by the probate court, and that by reason of a failure to serve a legal notice

on defendant, as provided by law, no liability was fixed on defendant. It was also pleaded that no tender was ever made defendant of any deed to the land prior to the institution of this action.

A jury was waived and the cause submitted to the court. After hearing the evidence, a judgment was rendered in favor of defendant and against the plaintiff. From the action of the court, in overruling a motion for a new trial, an appeal is prosecuted to this court, to have said judgment reviewed.

There is but one proposition presented here for review: Was the notice served on defendant prior to the date on which the probate court of Hughes county, Okla., vacated the sale made to defendant, sufficient to fix liability on defendant? It seems to be conceded by counsel for plaintiff and defendant that this was the controlling question in the case. The trial court held the notice insufficient and rendered judgment for defendant.

Section 6388, R. L. 1910, reads as follows:

"If it appears to the court that the sale was legally made and fairly conducted, and that the sum bid was not disproportionate to the value of the property sold, and that a greater sum, as above specified, cannot be obtained, or if the increased bid mentioned in the * * * preceding section be made and accepted by the court, the court must make an order confirming the sale, and directing conveyances to be executed. The sale from that time is confirmed and valid, and a certified copy of the order confirming it and directing conveyances to be executed must be recorded in the office of the register of deeds of the county within which the land sold is situated. If after the confirmation the purchaser neglects or refuses to comply with the terms of sale the court may, on motion of the executor or administrator, and after notice to the purchaser, order a resale to be made of the property. If the amount realized on such resale does not cover the bid and the expenses of the previous sale, such purchaser is liable for the deficiency to the estate."

The foregoing provision is made applicable to the sale of guardians by section 6565, R. L. 1910. Morris et al. v. Sweeney et al., 53 Okla. 163, 155 Pac. 537.

On the 23rd day of July, 1915, a proper motion was filed in the probate court of Hughes county by T. J. Brown, guardian of McKinley Brown, a minor, to have the order confirming the sale made to defendant set aside, for the reason that defendant had refused to pay the purchase price therefor. When this motion was filed, the following notice was issued and served on defendant:

"Notice of Application for Resale.

"To W. S. Thompson: You are hereby notified that T. J. Brown, guardian of McKinley Brown, a minor, has filed in this court his motion for an order setting aside order of confirmation and for resale of the following described lands of said ward, situated in Okfuskee county, Oklahoma, to wit: The north half of the northwest quarter of section seventeen (17) township thirteen (13) north, range seven (7) east, purchased by you at guardian's sale in Okemah, Oklahoma, on the 28th day of May, 1915, for the sum of $2,250.00, and the court will on Monday, the 2d day of August, 1915, in the county judge's office in the courthouse at Holdenville, Oklahoma, at the hour of ten o'clock a. m., or as soon thereafter as the said motion may be reached, take up and act on the matter of setting aside confirmation and ordering a resale of said above described lands. You will govern yourself accordingly.

"E. M. Washington,

"Court Clerk of Hughes County, Okla."

The foregoing notice was personally served on defendant by the sheriff of Okfuskee county, Okla., on the 24th day of July, 1915.

Did the foregoing notice meet the requirements of section 6388, R. L. 1910? We think that it did. The foregoing provision is silent as to the form of notice. It does not even specify that it shall be in writing; does not specify by whom it shall be served; does not state by whom it shall be signed. Yet we are asked to hold insufficient a notice that meets every requirement that is necessary to bring to the knowledge of the defendant the proceedings that are to be taken in the matter of the sale of the land purchased by him. The land, the place, the hour, the nature of the proceedings, are all distinctly set out in this notice, and the authenticity of the notice is made evident by the seal of the court clerk who has charge of the records of the case. It was served by the sheriff of defendant's own county. To say that this notice did not meet the purpose and fulfill the object of the provisions of section 6388, R. L. 1910, is too absurd to need argument to sustain it. The evident purpose of this section was to prevent an undue advantage being taken of a purchaser at a guardian's sale, and give him an opportunity to be heard before any action is taken for the purpose of fixing liability on him for his delinquency in refusing to comply with his bid. When this purpose has been subserved, the object and purpose of the statute has been complied with.

Defendant ignored this notice completely, when called upon to make good the deficiency resulting from his failure to keep his contract. The insufficiency of this notice is that it was not signed by the guardian. Such

requirement is not made by the statute, and to hold that the validity of this notice is made dependent upon the signature of the guardian is to read something into the statute that the Legislature in its wisdom did not see fit to incorporate therein. If defendant had any valid reasons to urge why the sale should not be vacated, and a resale ordered, it was his duty to present them to the probate court and there have their validity passed upon.

In the case of Alexander et al. v. Brown, 1 Pet. 683, 7 L. Ed. 680, the question of the sufficiency of a notice was before the Supreme Court of the United States for consideration. It involved the construction of a Virginia statute. The particular statute under consideration provided that, when goods and chattels had been levied on under and by virtue of an execution to satisfy a judgment, the owner of the goods and chattels thus levied upon might execute a forthcoming bond, with good and sufficient sureties, to have the goods and chattels forthcoming on the day appointed for sale; that, if said goods and chattels were not forthcoming on the day appointed for sale, it was the duty of the sheriff to return the execution to the clerk of the court from which it issued. It was further provided that upon 10 days' notice to the sureties on the forthcoming bond, and motion of the party to whom the judgment was payable, an execution might issue against the principal and sureties on the forthcoming bond for the amount of the judgment. The provision provided for notice, just as section 6388, R. L. 1910, provides, without prescribing the form or manner of service. The Supreme Court, speaking through Marshall, C. J., as to the requisites of this notice, stated the following rule:

"The act of assembly prescribes that the forthcoming bond shall recite the material parts of the execution on which it is taken, but gives no other direction respecting the notice than that it shall be served ten days before the motion. Its sole purpose is to inform the party that the motion is to be made, thereby enabling him to show that the money has been paid, or that for any other reasons execution ought not to be awarded. If it gives him the information which enables him to do this, it effects all the substantial purposes of justice. A false recital of the execution would be fatal, because it might mislead the obligor; but in this case the execution was against William B. Alexander, though not against him alone. He would not mistake the case in which the motion was to be made, because it is admitted that this was the execution on which the bond was taken, and the only execution in which the said William B. Alexander was a party. After judgment has been rendered, an execution issued thereon and levied, the property restored to the debtor, on his bond to produce it on the day of sale, and his failure to do so, we do not think that nice and technical objections to the notice, where every purpose of substantial justice is effected, ought to be favored. The law only requires notice, and where the notice is sufficiently explicit, to render mistake impossible, we think it justifies the award of execution."

The reasoning in the foregoing case is peculiarly applicable to the facts in the instant case. Was the notice to defendant sufficiently explicit to render mistake impossible? We think it was. There is no pretense here that defendant was misled by the notice, or that it did not impart to him every fact essential to make known the purpose of the court to act on the motion to vacate the order confirming the sale.

There remains but one other question to be considered. The trial court excluded all the testimony offered by defendant to substantiate his defense, on the theory that the guardian made representations at the sale that he would pay all back taxes on the land and would remove from the records a certain tax deed from A. Thomas, county treasurer, to R. G. Davenport, on said land, and the special warranty deed from R. G. Davenport to R. J. Burrows.

This testimony was held incompetent for two reasons: First, that the guardian had no authority to make any such agreement; second, that if any of these representations were made by the guardian to the purchaser that it was the duty of the purchaser to present this matter to the county judge before the sale was confirmed.

The evidence offered in support of this defense was properly excluded, for the reason that the rule of caveat emptor applies to the instant case, and for that reason alone the evidence was not admissible as a defense. Estate of Toady Standwaitie, 73 Okla. 255, 175 Pac. 542; King v. Gunnison, 5 Pa. St. 171; Lewark v. Carter, 117 Ind. 206, 20 N. E. 119, 3 L. R. A. 440, 10 Am. St. Rep. 40; Stonerock v. Wisner, L. R. A. 1915E, 834, note.

This disposes of the only questions presented for consideration. It therefore follows that, for the reasons set out herein, the judgment of the lower court should be set aside, and the cause remanded to the district court of Okfuskee county, Okla., with directions to set aside the judgment entered in favor of the defendant, and enter judgment in favor of the plaintiff for the amount sued for.

By the Court: It is so ordered.