## HOLMES v. COE et al.

No. 13942—Opinion Filed May 12, 1925.

Rehearing Denied June 23, 1925.

(Syllabus.)

### 1. Guardian and Ward — Sale of Ward's Land—Interest Conveyed—Description.

A probate sale of the real estate of a minor does not depend for its validity upon a judicial determination of the amount of the interest owned by such minor in the lands sold, and a sale of all right, title, and interest is a sufficient description to uphold the sale.

### 2. Same.

In a guardian's sale of real estate at public sale, where the petition for sale and the order of sale contain facts which disclose that the minor owns an undivided one-half interest in said lands, and where the prayer of said petition, the decree of sale, notice of sale, order confirming sale and the guardian's deed describe the property being sold as the right, title, and interest of said minor

In said lands, and where the validity of the probate proceedings are not drawn in controversy, held, the entire interest of said minor in said lands was conveyed, notwithstanding the petition contained a general allegation and the decree of sale a finding that the minor owned only a one-third interest therein.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by Allen Holmes against Robert A. Coe and Southern Surety Company. From a judgment for defendants, plaintiff appeals. Affirmed.

Hatchett & Semple, for plaintiff in error.

George Trice, D. N. Davison, and O. S. Arnold, for defendants in error.

MASON, J. This was an action in ejectment and to quiet title commenced by the plaintiff in error, as plaintiff, in the district court of Coal county, Okla., against the defendants in error, as defendants.

The parties will be referred to as they appeared in the court below.

The case was submitted to the trial court upon a stipulation of facts. Judgment was rendered for the defendants, from which the plaintiff has appealed.

It is agreed in the stipulation that the lands involved herein were allotted to Joseph Holmes, a full-blood Choctaw Indian, who died prior to statehood. Certain facts are also agreed to relative to the next of kin surviving the said Joseph Holmes, which disclose that the plaintiff herein inherited a one-half interest in said lands. A copy of the probate proceedings wherein the plaintiff's interest in said estate was sold is attached to and made a part of said stipulation. No objection is made to said proceedings, which appear to be regular and in compliance with the statutes. Said proceedings disclose the following facts, in substance:

That on the 16th day of September, 1908, the guardian of the plaintiff, Allen Holmes, then a minor, filed in the county court of Atoka county, Okla., a petition for the sale of the interest of said Allen Holmes in the lands allotted to Joseph Holmes, a deceased brother of the said Allen Holmes.

Said petition also contained allegations which disclosed that the minor was the owner of an undivided one-half interest in said lands. It also contained an allegation that the minor was the owner of only a one-third interest in said lands. The petition prayed that the guardian "be directed to make sale of the interest of said minor in the above described lands."

On the same day, all parties at interest having waived time, notice, and service of notice, the said court made and entered its decree of sale, wherein the court found the facts to exist as alleged in the petition to sell, which disclosed that the minor owned an undivided one-half interest in said lands. Said order, however, contained a recital that the minor owned a one-third interest therein. Said decree then ordered the guardian to advertise and sell at public sale "the interest of said minor" in said lands.

Thereafter the guardian advertised by proper notice of sale that he would on the 12th day of October, 1908, offer for sale "all the right, title, and interest of said Allen Holmes" in said lands, and did on that day offer at public sale and sell to the highest bidder "all the right, title, and interest of said minor" in said lands. The guardian made his report of the sale of "all the right, title, and interest" of his ward in said lands, and on November 2, 1908, the court by its judgment of that date confirmed the sale as reported, pursuant to which judgment and under the direction thereof the said guardian on January 7, 1909, executed to the purchaser his certain guardian's deed conveying to the purchaser "all the right, title, and interest and estate of the said Allen Holmes" in and to said lands.

It is also stipulated that the defendant Robert A. Coe is in possession of said lands, claiming title by virtue of said guardian's sale, and it is also agreed that the defendant Southern Surety Company has a mortgage on said lands in the sum of $3,500 executed by the said Robert A. Coe and his wife.

For the determination of this appeal, it is necessary to pass upon but one question: Was the entire interest of said minor, Allen Holmes, in the lands in controversy conveyed by the guardianship sale?

No contention is made by either party but that the minor inherited a one-half interest in said lands. The plaintiff contends that only an undivided one-third interest in said lands was conveyed by the guardianship sale, and that the trial court erred in not finding that the plaintiff was the owner of an undivided one-sixth interest in said lands.

The defendants contend that the entire interest of said minor was conveyed by said sale. Plaintiff's contention is based upon the general allegations in the petition to sell and the general finding in the order to sell, to the effect that the minor, Allen Holmes, owned an undivided one-third in-

terest in said lands. It is to be observed, however, that the petition contains specific allegations and the order to sell contains specific findings of fact which disclose that the minor owned an undivided one-half interest in said lands.

It is apparent from all the proceedings relative to said guardianship sale that it was the intention of both the guardian and the court to sell all the right, title, and interest of said minor in said lands. Such description in the sale of the minor's interest in lands has been held sufficient by this court.

In the case of Littlehead v. Mount. 99 Okla. 225, 227 Pac. 98, Commissioner Foster, in an opinion filed since the filing of the briefs in the instant case, announces the following rule in the second paragraph of the syllabus:

"A probate sale of the real estate of a minor does not depend for its validity upon a judicial determination of the amount of the interest owned by such minor in the lands sold, and a sale of all right, title, and interest is a sufficient description to uphold the sale."

We conclude that the guardianship sale involved herein conveyed all the minor's interest in said lands, and that the judgment of the trial court is correct, and the same is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 28 C. J. p. 1048 (1926 Anno). (2) 28 C. J. p. 1048 (1926 Anno).