## JOHNSON v. THORNBURGH et al.

No. 14754—Opinion Filed Nov. 9, 1926.

Rehearing Denied March 15, 1927

**1. Guardian and Ward—Probate Court's Jurisdiction to Sell Whatever Interest Minor Has in Land.**

The county courts of Oklahoma have jurisdiction to order the sale of any right, title, interest, or estate of the ward in the land without regard to its quality or quantity or

a prior judicial determination thereof. (Sections 12 and 13 of art. 7 of the Constitution, and sections 1079, 1455, 1466, and 1467, C. S. 1921.)

### 2. Same—Validity of Guardian's Sale to Persons in Adverse Possession.

Occupants in the adverse possession of land are not disqualified to become bidders at a guardian's sale in the absence of evidence that they took possession in bad faith under a fraudulent and spurious claim of title for the purpose of chilling bidding at a guardian's sale.

### 3. Same.

Where an adverse occcupant acquired his possession in good faith believing he had the title thereto, such adverse occupant will not be deprived of the right to become a bidder at a guardian's sale and purchase the outstanding title of the minor in order to protect his possession.

### 4. Same.

The jurisdiction of the county courts to order the sale of a minor's land is not destroyed or suspended by the fact that the minor's title is in dispute or the land is in the occupancy of an adverse claimant.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No 5.

Error from District Court, Okmulgee County; C. C. Smith, Assigned Judge.

Action by Beatrice Grayson Johnson against Wright Thornburgh et al., to vacate a decree rendered in the United States Court for the Western District of Indian Territory, and also a decree of the County Court of Okmulgee County authorizing the sale and approval of a guardian's deed conveying the lands in controversy and for possession of the lands. From a judgment in favor of the defendants, plaintiff appeals. Affirmed.

P. J. Carey and A. L. Emery, for plaintiff in error.

Gibson & Hull, James M. Hays, E. T. Noble, S. L. O'Bannon, W. D. Elrod, Wellington L. Merwine, and Peter Deichman, Probate Atty., for defendants in error.

Opinion by PINKHAM, C. The plaintiff in error, Beatrice Grayson Johnson, as plaintiff, instituted this proceeding in the district court of Okmulgee county against the defendants in error, as defendants, for the purpose of vacating a decree rendered in the United States court for the Western District of Indian Territory, and also a decree of the county court of Okmulgee county authorizing the sale and approval of a guardian's deed con-

veying the lands in controversy, and for the possession of the land.

It appears that Clarence Walker, an enrolled Creek freedman, was, in April, 1899, allotted the lands in controversy, described as the north half (N.½) of the southwest quarter (S.W.¼) of section 3, township 14 north, range 13 east, of the Creek Nation, and a certificate of selection issued to him on April 28, 1899. The death of the allottee occurred between July and September, 1899, and an allotment deed was subsequently issued to his heirs. The father of Clarence Walker was a noncitizen of the Creek Nation: his mother, Elnora Walker, was an enrolled Creek freedman; and there was born to the mother, Elnora Walker, in December, 1901, a child, Beatrice Grayson Johnson, plaintiff in error herein, and she was enrolled as the daughter of Elnora Walker and one A. K. Jackson.

In April, 1904, Elnora Walker died intestate, unmarried, and left surviving her Beatrice Grayson Johnson, plaintiff in error. It appears that no determination was had with respect to the rights of the father, John Walker, to inherit any part of the estate of Clarence Walker, deceased, prior to June 29, 1904, and on that date he executed and delivered a warranty deed, attempting thereby to convey, as sole heir of the allottee, the entire allotment of Clarence Walker to the defendants Anna C. Thornburgh and Mary Stanford.

It further appears that one Elmer F. Pierce, as tenant of Elnora Walker, had possession of the land involved herein, and the grantees of John Walker, Anna C. Thornburgh and Mary Stanford, on the 8th day of March, 1905, instituted an action in the United States court, sitting at Okmulgee, Okla., No. 346, against Pierce to recover possession of the allotment hereinbefore described. The defendant Pierce claimed the right to the possession of the lands because of the execution to him by Elnora Walker of an agricultural lease. Upon motion, the proceedings in the United States court were transferred to the equity docket and thereafter to a master in chancery.

The defendant Pierce in his answer asked that the plaintiff in error, Beatrice Grayson Johnson, be made a party to said cause, and the guardian of said plaintiff in error, one Steve Grayson, also appeared and asked leave to intervene; to be made a party; and his plea of intervention was granted by the court.

The issues were made up in said cause in

the United States court, it being contended by the guardian of the plaintiff in error that she "is the daughter of Elnora Walker, deceased, and that she is the only surviving child of said Elnora Walker, deceased, and John Walker," and a half-sister of the allottee, Clarence Walker, the guardian further alleging in his pleading that the mother, Elnora Walker, inherited a one-half interest in the lands of the deceased allottee and his ward, Beatrice Grayson, upon the death of said Elnora Walker, acquired such interest.

Thereafter, Steve Grayson, as guardian of Beatrice Grayson, appeared in the suit before the master by his attorney, C. D. Rogers. C. D. Rogers also represented the defendant Elmer F. Pierce.

A stipulation for the partition of the allotment was entered into between the parties upon the assumption that such was the correct rule of inheritance, and the property divided. The United States court, in harmony with such division, entered its judgment and decree giving to the grantees of John Walker the north half of said allotment and to Beatrice Grayson the south half thereof. The judgment and decree was not appealed from.

After the advent of statehood, and in June, 1920, the said Beatrice Grayson Johnson filed her petition in the original cause in the nature of a bill of review, asking that the judgment referred to be set aside, and also that a guardianship sale of her interest in the property under proceedings instituted in the county court of Okmulgee county on January 6, 1912, be vacated and annulled.

When plaintiff in error in June, 1920, filed her petition in the old case No. 346, and thereby commenced this proceeding, she made a great number of other parties, strangers to the original action, defendants, without, it appears, the consent of such parties and without any order of the court so to do, and alleges that she became 18 years of age on December 16, 1919.

The evidence discloses that in 1907, Mrs. Thornburgh and Mrs. Stanford, plaintiffs in the suit in the United States court, joined by their husbands, conveyed the north half of the allotment, the land in question, to A. E. Dixon, A. H. Terrell, and J. B. Wright, who also, it appears, thereafter sold parts of the land involved to others. On January 16, 1912, the guardian of Beatrice Grayson, plaintiff in error, filed a petition in the county court of Okmulgee county for the sale of the north half of said lands, alleging that

his ward's interest in the land was contingent, as he believed, upon her exercising the right to appeal from the decree of the United States court for the Western District of Indian Territory, in the above-named cause; that her interest in the land was reasonably worth $1,000; and asking for a sale of the land, etc., giving the value of the land as $3,000. A decree of sale was entered, and the owners of the land above mentioned, Dixon, Terrell and Wright, became the purchasers thereof, and a deed issued and they were the sole bidders at the sale.

The case was tried before the court without a jury, and at the close of all the evidence the court rendered its judgment dismissing the petition—"complaint," as the same is styled in the record—of Beatrice Grayson Johnson, from which order and judgment this appeal is prosecuted by petition in error and case-made attached.

For reversal of the judgment the plaintiff in error insists that the trial court was in error in dismissing her petition, and submits four alleged grounds wherein she charges the error lies, the first of which is error in excluding certain evidence.

It appears that the particular evidence excluded and complained of under this proposition was the refusal of the court to admit in evidence, over the objections of the defendants, certain deeds offered by plaintiff in error. In order to understand the action of the trial court in this respect, it must be borne in mind that after reaching her majority the plaintiff in error executed her warranty deed on December 18, 1919, conveying the land in controversy to one Ena Herrington Brown, which deed was offered in evidence by the defendants and admitted in evidence without objections.

The plaintiff in error offered in evidence a deed from Ena Herrington Brown to O. D. Hennage, a deed from O. D. Hennage to J. P. Flannagan, and a deed from J. P. Flannagan to Beatrice Grayson, plaintiff in error. It must also be remembered that the defendants were in the open, notorious, exclusive, and adverse possession of this land when each of said deeds was made, and that neither the plaintiff in error nor Ena Herrington Brown, O. D. Hennage, nor J. P. Flannagan, nor anyone under whom they or either of them claimed, were in possession or had been in possession or taken any of the rents and profits of the land for more than one year.

We perceive no error in the action of the court sustaining defendants' objection to the introduction of the deeds offered by the plaintiff in error.

The further contention, that the court erred in overruling plaintiff in error's motion to make additional parties—that is, to bring in Brown, Hennage, and Flannagan—and prosecute the petition in their names, cannot be sustained.

An examination of the evidence clearly shows that the purpose of plaintiff in error in undertaking to make Brown, Hennage, and Flannagan parties, was to establish some question of fact between plaintiff in error and those parties, which was not an issue in the case.

Furthermore, it was the theory of plaintiff in error that the parties sought to be brought into the case never had any right, title or interest in or to the land in question, and never claimed any by reason of the deed from the plaintiff in error to Ena Herrington Brown because the deed was never delivered, and there was no consideration therefor. If this theory is correct it is apparent they were not necessary parties to the action and the trial court did not err in overruling the motion to make additional parties.

It is further contended that the judgment rendered in the United States court in favor of the plaintiffs in that action and against Beatrice Grayson, defendant therein, through which the defendants in error now claim title to the land and the right to the possession thereof, was and is void.

The proposition contended for is that the judgment of the United States court was erroneous in holding that the father, John Walker, inherited any part of the estate of Clarence Walker, deceased.

The case of De Graffenreid v. Iowa Land & Trust Co., 20 Okla. 687, 95 Pac. 624, was decided by this court April 13, 1908, nearly three years subsequent to the partition of the lands involved herein in the United States court in 1905. The De Graffenreid Case, supra, held that the mother was of nearer relation to the child than the father; that the mother inherited to the exclusion of the father under the Creek law of descent. Prior to the decision in the De Graffenreid Case, it appears that judges of trial courts and lawyers familiar with and engaged in the practice of law in that part of the state of Oklahoma, theretofore known as the Creek Nation, had decided and concluded that as between the father and mother no difference existed; that both were equally heirs and the "nearest relation" of a deceased Creek allottee within the meaning of section 6 of the Creek law of devolution, so that at the time the parties entered into the stipulation

for a partition of the property, and at the time the judgment of the United States court was rendered approving such partition, it was the law as announced by trial judges, that the mother and father were equally the nearest relation within the meaning of such Creek statute, and such appears to be the holding of this court in the case of Haney et al. v. Anderson et al., decided December 17, 1918, 72 Okla. 62, 178 Pac. 120, in which case it is said:

"But for the rule announced in the De Graffenreid Case we should say that they were related in the same degrees and inherited the allotment jointly."

We think there can be no doubt about the jurisdiction of the United States court for the Western District of Indian Territory to partition in 1905 lands allotted to freedman citizens, the restrictions having been removed in 1904.

It is further contended that the judgment in the United States court is void for the reason that Beatrice Grayson was not served with summons in the said United States court. That action was commenced against the tenant in possession, Elmer F. Pierce.

Sections 2626, Mansfield's Digest, in force and effect at that time, provides as follows:

"The person from or through whom the defendant claims title to the premises may, on his motion, be made a codefendant."

The tenant Pierce in his answer claimed the possession of said property under Beatrice Grayson as the sole heir of Elnora Walker, deceased, his lessor. And as provided by the section of the statutes of Arkansas above quoted, on the 19th day of October, 1905, Steve Grayson, as the guardian of Beatrice Grayson, a minor, moved the court to be made a party in that suit, and that he be permitted to appear and defend this suit before the master in chancery, which leave was granted subject to the approval of the court and the guardian was permitted to file answer, which he did on October 23, 1905.

This procedure provided for in section 2626, supra, having been followed, Beatrice Grayson and her guardian, Steve Grayson, became parties codefendant to the aforesaid action No. 346, and the same appears to have been the proper procedure as held by the Supreme Court of the state of Arkansas in the case of Jackson v. Allen, 30 Ark. 111-120, in which case the court said:

"The appellants were in possession of the lands as tenants of Irene. The appellees had the right to sue the tenants or the lessor,

or both, and the lessor might have been made defendant, on her motion, or on the motion of her guardian."

Having been made a party to the action as by the statute provided on the motion of her guardian, it was not necessary that a summons issue or that a guardian ad litem be appointed.

"There is no necessity or propriety in appointing a guardian ad litem to defend for infants when their regular guardian is before the court." Moore v. Woodall, 40 Ark. 42.

Furthermore, the guardian, in intervening on behalf of his ward in the case in the United States court in 1905, performed the duty required of him under the provisions of section 3162 of the Indian Territory Statutes (Mansfield's Digest, sec. 4957).

We think that under the statutes and decisions of the courts of the state of Arkansas construing the same, the United States court for the Western District of Indian Territory acquired and had jurisdiction both of the person of Beatrice Grayson and her guardian, Steve Grayson, at the time of the rendition of its judgment.

Assuming, but not conceding, the proposition earnestly presented by counsel for plaintiff in error with respect to the jurisdiction of the United States court for the Western District of Indian Territory to partition the said allotment between John Walker and the plaintiff in error is correct, still, we are of the opinion the judgment of the trial court in the instant case must be sustained in view of the fact that on January 16, 1912, one Mark R. Moore, guardian of Beatrice Grayson, filed a petition in the county court of Okmulgee county for the sale of the north 80 acres then in the possession of Dixon, Terrell, and Wright, under their deed from Thornburgh and Stanford, who in turn were in possession under the partition decree of the United States court rendered in 1905.

It is clear from an examination of the proceedings in the county court of Okmulgee county, that court was apprised of the fact that the title of Beatrice Grayson, if any, was in dispute, and was involved by a decree of the United States court for the Western District of Indian Territory prior to statehood.

We observe nothing contained in the record before us indicating in the slightest degree that either Stanford and Thornburgh or their grantees, Dixon, Terrell, and Wright, took possession of the land and occupied it in bad faith for the purpose of clouding the title of Beatrice Grayson so that they could purchase it at a guardian's sale for an inadequate consideration, and we know of no principle of law that would deprive Dixon, Terrell, and Wright of the privilege to bid at the guardian's sale and become purchasers thereat.

The doctrine that county courts are vested with all the power over the estates of minors that were possessed and exercised by courts of chancery is recognized by the courts in this jurisdiction, state and federal, and such jurisdiction has not been seriously questioned since the case of Cabin Valley Mining Co. v. Hall, 53 Okla. 760, 155 Pac. 570.

In Littlehead v. Mount, 99 Okla. 225, 227 Pac. 98, this court, in line with the authorities in other states. held in the second paragraph of the syllabus that:

."A probate sale of the real estate of a minor does not depend for its validity upon a judicial determination of the amount of the interest owned by such minor in the lands sold. and a sale of all right, title, and interest is a sufficient description to uphold the sale."

This rule announced in the Littlehead Case, supra, was reaffirmed in the first paragraph of the syllabus in Holmes v. Coe, 113 Okla. 12, 237 Pac. 441, and in Coker v. Howard, 122 Okla. 12, 250 Pac. 130.

Many cases may be found in the reports where the courts have knowingly sold the contingent and uncertain interest of minors. The jurisdiction to do so has never been denied so far as we are aware. The Alabama Supreme Court in Goodman v. Winter, 64 Ala. 410, 28 Am. St. Rep. 13, in sustaining the sale of a minor's contingent interest, said:

"The courts would be more reluctant to decree the sale of an estate in remainder, or of a contingent estate, lest it might operate a sacrifice of the interests of the infant; but the jurisdiction exists, though it may be more seldom and more sparingly exercised."

That the land is in the adverse possession of another, that the record title to the land may be such as to deter bidders, are facts and circumstances that go to the advisability of the sale which the court of first instance should take into consideration in determining whether a sale should be ordered, and, however erroneous or mistaken the court may be in ordering a sale under such circumstances, it goes merely to the advisability and not to the power and jurisdiction of the court to order the sale. Such facts and

circumstances may be sufficient for the court to reverse and remand on appeal. They are not sufficient, as we understand the law, to set aside a sale as void. Whether such sale ought to be made while the title is in dispute or in litigation, or in the adverse possession of another, plainly involves nothing more than an exercise of the discretion of the court.

The facts in this case, as we gather them from a careful examination of the record herein, show nothing further than that the bidders at the guardian's sale were in the adverse possession of the land claiming title. They had been in adverse possession for approximately seven years before the guardian's sale. The guardian's petition for sale showed that the title to the land was in question and involved by a decree of the United States court for the Western District of Indian Territory.

In the recent case of Ward v. Thompson, 111 Okla. 52, 237 Pac. 569, it is said:

"The fraud which vitiates a judgment, and which will authorize a court of equity to intervene to vacate it, is fraud extraneous of the record by which the court was imposed upon in the proceedings, or by which the party complaining was prevented from having his interests fairly presented and fully considered by the court," citing many decisions of this court.

We conclude that a party in adverse possession of land is not disqualified to become a bidder at a guardian's sale in the absence of evidence that he took possession in bad faith under a fraudulent and spurious claim of title, for the purpose of chilling bidding at a guardian's sale.

We think the county court had jurisdiction to sell this 80 acres, and if the court had jurisdiction to sell the land we know of no reason why the adverse occupant could not become a bidder and therefore a purchaser, it being the policy of the law to protect the rights of good faith occupants.

Counsel for plaintiff in error say in their brief:

"Admitting only for the sake of argument that the petition to sell filed by the guardian in the county court was sufficient to confer jurisdiction on the court to sell the land itself, and that the court did sell the land, still the sale is void for fraud, and the subsequent purchasers, the codefendants, had notice of the fraud."

What is relied upon as constituting fraud on the part of the defendants in error, as we understand the argument, is that they were in the adverse possession of the land, under a title appearing on the records of the county in which the land was situated; that they became the purchasers of the land for the sum of $1,000, and were the only bidders at the sale. It is not shown that the $1,000 bid for the land was not all the land was really worth other than the allegation of the guardian in the petition of sale that the land was worth $3,000.

The purchasers of the land are not shown to have had any connection with the original sale of the allotment by the father of Clarence Walker, or to have had any connection with the suit in the United States court for the Western District of Indian Territory other than that they were the purchasers of the north half of the allotment of Clarence Walker from the persons to whom such land had been awarded by the court in that case. Neither is it shown that they were instrumental in procuring the appointment of the guardian, nor that they were instrumental in having the guardian institute the proceedings for the sale of the land. There is no evidence that they prevented or attempted to prevent other persons bidding at the sale.

Many decisions of the Supreme Court of this state and of other states are cited in the brief of plaintiff in error. We have carefully read the cases decided by this court relied upon in support of the various propositions presented by counsel for plaintiff in error, and we have read with care the language quoted in plaintiff in error's brief from cases decided in other jurisdictions. We deem it unnecessary to enter into a discussion of these numerous cases further than to say that we regard them inapplicable to the undisputed facts disclosed by the record in the instant case.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 1171, §291. (2,3) 28 C. J. p. 1187, §326 (Anno). (4) 28 C. J. p. 1171. §291 (Anno).