### SWANEY et al. v. LEEPER.

No. 21473. Opinion Filed Dec. 20, 1932.

John A. Goodall, for plaintiffs in error.

R. Y. Nance, for defendant in error.

HEFNER, J. This is an action brought in the district court of Adair county by Richard Swaney and Pete Swaney, minors, by their guardian Mike Swaney, and Caroline Pritchett, a minor, by her guardian, Felix Pritchett, against John H. Leeper to reform a guardian's deed and have excluded therefrom certain land inherited by them from Candy Mink, deceased, which was conveyed by the deed.

The guardians are full-blood Cherokee Indians, and allege that the land involved appears to have been sold through the probate court of Adair county, and guardian's deed executed in favor of defendant therefor; that the land was placed in the deed and in the probate proceedings through mistake; that at the time the land in controversy was sold through the probate court, certain other lands, belonging to the minors and inherited by them from Sallie Mink, were sold and that they only intended to sell the land inherited from Sallie Mink, and had no knowledge that the land inherited from Candy Mink· was included in the deed; that such land was inserted in the proceedings and in the deed through fraud.

The trial court found against the contention of plaintiffs and specifically found that there was no fraud practiced upon the guardians, and that they well knew that the Candy Mink land was included in the guardianship sale. Plaintiffs assert that this finding is contrary to the evidence.

The evidence is conflicting. Both guardians testified that they did not know that the Candy Mink land was included in the sale proceedings. The attorneys who conducted these proceedings testified that the guardians pointed out the land to them and described it and informed them that they desired to sell both tracts inherited by the minors; that they conducted the sale proceedings as directed by the guardians, and that the guardians well knew that the Candy Mink land was included therein. There is other evidence in the record which tends to support the testimony of these attorneys. Considering the evidence as a whole, we cannot say that the finding of the trial court is against the clear weight thereof.

The judgment is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.

Note.—See under (1) 2 R. C. L. 202, 203; R. C. L. Perm. Supp. p. 377; R. C. L. Pocket Part, title "Appeal," 172.