SHELDON et al. v. DEAL et al.

No. 32050. March 5, 1946.

*166 P. 2d 771.*

V. E. Stinchcomb and Jack W. Page, both of Oklahoma City, for plaintiffs in error.

J. T. Dickerson, of Edmond, for defendants in error.

OSBORN, J. This action was brought by the plaintiffs, Maude K. Deal, Joseph W. Deal, Martha B. Sheldon Dillon, Della Thurman, Peppers Refining Company, a corporation, T. A. White, and W. R. Withington, against the defendants, Noel Robey Sheldon, Luther Marks, guardian of Noel Robey Sheldon, and the unknown heirs, executors, administrators, devisees, trustees and assigns, immediate and remote, if any, of John N. Sheldon, deceased, to determine the heirship of John N. Sheldon, deceased, to quiet the title of plaintiffs to certain described lands in Oklahoma county. The defendant Luther Marks, as guardian of Noel Robey Sheldon, filed an answer and cross-petition to quiet title to an undivided 1/42nd interest in said land. Myrtis E. Sheldon, foreign guardian of Noel Robey Sheldon, was made a party on motion of the plaintiffs and filed an answer and cross-petition to quiet the title of Noel Robey Sheldon in said 1/42nd interest in said land. Myrtis E. Sheldon, foreign guardian of Noel Robey Sheldon, was made a party on motion of the plaintiffs and filed an answer and cross-petition to quiet the title of Noel Robey Sheldon in said 1/42nd interest. Judgment was for the plaintiffs, adjudging Noel Robey Sheldon, incompetent, to be the sole heir of John N. Sheldon, deceased, and quieting the title of plaintiffs against the defendants. Defendants appeal.

The facts are not in dispute. From the evidence and admissions of the parties in their briefs, it appears that Noel Robey Sheldon, an incompetent, is the sole heir of John N. Sheldon, deceased, and that John N. Sheldon's estate was never probated. John N. Sheldon owned an undivided 1/7th interest in 160 acres of land in Oklahoma county, which interest upon his death descended to and vested in Noel Robey Sheldon. John N. Sheldon was one of seven heirs of Henry Sheldon, deceased, and inherited from Henry Sheldon the said 1/7th interest in said lands. After Noel Robey Sheldon was vested with title to this 1/7th interest, and prior to his incompetency, he joined with five other heirs of Henry Sheldon, deceased, each of whom owned an undivided 1/7th interest in said lands, in a conveyance to the seventh heir of her proportionate part of said 160 acres.

This left the six heirs who joined in said conveyance with an undivided 1/6th interest each in the remainder, each owning 22 6/7ths acres in such remaining land. Early in 1940 plaintiff Joseph W. Deal, by correspondence, arranged with Myrtis E. Sheldon, the wife of Noel Robey Sheldon, who was his guardian in the State of California, to purchase the interest of Noel Robey Sheldon for the sum of $42.50 per acre for his 22 6/7th acres, Deal to pay all court costs and attorney's fees, and thereafter Deal, through his attorneys, procured the appointment of Luther Marks as guardian in Oklahoma for Noel Robey Sheldon.

The sole question presented for decision is whether at a guardian's sale made by Marks, Maude K. Deal and Joseph W. Deal, purchasers at said sale, acquired the whole interest of Noel Robey Sheldon.

The record of the sale proceedings is incorporated in the case-made. Therefrom it appears that after his appointment as Oklahoma guardian of Noel Robey Sheldon, incompetent, Marks on May 5, 1941, filed a petition to sell real estate wherein he alleged that Noel Robey Sheldon, incompetent, was the owner of an undivided 1/7th interest in and to the following property located in Oklahoma county, and described as follows, to wit:

"The South East Quarter of Section Twenty Eight, Township Fourteen, North, Range Four, West, of I. M., with the exception of 22.85 acres heretofore deeded to Martha B. Sheldon Dillon, and more particularly described as follows, towit: Beginning at the South East corner of said Quarter Section; thence West 60.47 rods; thence North 60.47 rods; thence East 60.47 rods; thence South 60.47 rods to place of beginning."

—and prayed for an order authorizing him to sell said 1/7th interest at private sale. On June 3, 1941, the county court ordered the guardian to sell for cash to the highest bidder at private sale the incompetent's undivided 1/7th interest in the lands hereinabove described. Pursuant to said order the guardian gave notice of sale, and on June 26, 1941, filed his return of sale stating that he had sold said undivided 1/7th interest in the hereinabove described property to Joseph W. Deal and Maude K. Deal for the sum of $971.12, the appraised value thereof, and after due notice the court confirmed the sale of said undivided 1/7th interest. Thereupon the guardian made, executed, and delivered to Maude K. Deal and Joseph W. Deal a guardian's deed conveying to the grantees all the right, title, interest, and estate of the incompetent in and to an undivided 1/7th interest in the property hereinabove described. This deed was accepted by the grantees and they paid to the guardian the full appraised value of the incompetent's interest, which, incidentally, was the exact amount which they had agreed with the California guardian that they would pay for the incompetent's interest.

Thereafter the California guardian made application to the court and had the purchase price in the hands of the Oklahoma guardian transferred to her in California, and thereupon the Oklahoma guardian was discharged. Subsequently Marks was reappointed guardian of Noel Robey Sheldon, incompetent, upon his petition and the petition of Myrtis E. Sheldon, and is now the Oklahoma guardian of said incompetent.

Plaintiffs admit and rely upon the jurisdiction of the county court to sell the incompetent's interest and do not charge that there was any fraud practiced by the guardian in connection with the sale.

Joseph W. Deal testified that he intended to purchase all of the interest of Noel Robey Sheldon in said lands, and Marks, the guardian, testified he intended to and understood he was selling at such guardian's sale all of the interest of said incompetent. The trial court found that such was the intention of the parties; that the interest of the incompetent in the land was 1/6th; that through inadvertence and mistake

the guardian conducted the proceeding on the basis of selling 1/7th rather than 1/6th, and that in equity the plaintiffs were entitled to a judgment quieting their title against any interest therein claimed by the incompetent or his guardian.

Defendants contend that the district court is without authority or jurisdiction to modify, alter, or vacate the orders, judgments and decrees of the county court except on appeal, and that where the sale through the county court was of an undivided 1/7th interest in said land, said sale proceedings could not in this action be changed or corrected to conform to the intention of the parties.

Plaintiffs contend that since, under Stevens v. Dill, 142 Okla. 138, 285 P. 845, they could not, after the delivery of the guardian's deed, take any proceeding in the county court to correct the sale, their only remedy is in a court of equity, and that in Holmes v. Coe, 113 Okla. 12, 237 P. 441, and again in Littlehead v. Mount, 99 Okla. 225, 227 P. 98, this court has recognized the jurisdiction of the district court to determine the intent of the parties to a probate sale. They also assert that the district court has jurisdiction of a suit to reform a guardian's deed to express the true intent of the parties, citing Swaney v. Leeper, 161 Okla. 48, 17 P. 2d 510.

An examination of Holmes v. Coe, supra, discloses that the petition for the sale filed by the guardian in one place alleged that the minor was the owner of an undivided 1/2 interest in the land, and in another alleged that the minor was the owner of an undivided 1/3 interest, but the petition prayed that the guardian be directed to sell "the interest of the minor" in said land, and that the court by its order authorized the guardian to advertise and sell "the interest of said minor" in said land. The guardian reported the sale of "all the right, title and interest" of his ward in said land, and the order of confirmation confirmed the sale as reported. Whereupon the guardian exe-cuted a guardian's deed conveying to the purchaser all the right, title, and interest of the minor in said lands. We held that the entire interest of the minor was sold.

In Littlehead v. Mount, supra, the county court ordered the sale of all the right, title, and interest of the incompetent without specifying the amount of such interest, and the land was so sold and the sale confirmed. In that case we held that the sale did not depend for its validity upon a judicial ascertainment of the nature and extent of the interest in the land sold and that a sale of all the right, title, and interest was valid.

Obviously, these decisions are inapplicable, for in the instant case the petition to sell, the order of sale, the return of the guardian, and the order of confirmation expressly and exactly specified the interest which the guardian desired to sell, was authorized to sell, and did sell. The purchasers, when they made their bid, were charged with notice of the interest which the guardian was authorized to sell and made their bid and accepted the guardian's deed with such knowledge. The rule of caveat emptor applies. Jackson v. Carroll, 86 Okla. 230, 207 P. 735; Tucker v. Leonard, 144 Okla. 264, 291 P. 124; Brown v. Thompson, 73 Okla. 238, 175 P. 931. The order of sale, and the order confirming sale, were final orders or judgments which were binding upon all the parties to the proceedings and were final and conclusive in the absence of an appeal therefrom. Brooks v. Tucker, 83 Okla. 255, 201 P. 643; Scott v. Gypsy Oil Co., 112 Okla. 13, 239 P. 887.

County courts of this state are vested with general jurisdiction in probate matters, and their orders and judgments will be accorded like force, effect, and legal presumption according to those of other courts of general jurisdiction. Tiger v. Drumright, 95 Okla. 174, 217 P. 453; Scott v. Gypsy Oil Co., supra.

In Kiniry v. Davis, 82 Okla. 211, 200 P. 439, we said:

' "The judgment of a court of competent jurisdiction which has become final is conclusive between the parties and their privies in a subsequent action involving the same subject-matter, and it is not only final to matters actually litigated and determined, but it is also final as to all matters germane to the issues formerly litigated or determined therein . . . "

The county court having specifically set forth the interest to be sold in said proceedings and to be acquired by the purchasers therein, the district court could not enlarge such interest. McNaughton v. Lewis, 124 Okla. 181, 254 P. 972.

In Dickey v. Beatty, 14 Ohio St. 389, Beatty sought reformation of a guardian's deed so as to make it include more land than had been actually sold by the guardian, alleging that there was an error in the description of the land in the sale proceedings. The error originated in a written contract by which Beatty and the guardian of the minor had agreed to a sale of said land. The court in that case said:

"The defendants aver, in their counterclaim, that the same erroneous description of the land was carried into all the proceedings in the probate court, and into the guardian's deed to Beatty. The premises, therefore, ordered to be sold by the probate court, and which were in fact afterward appraised, advertised and sold, did not embrace the land in controversy. As against the minor plaintiffs, is it material what were the intentions or understanding of their guardian, or what were his personal covenants? He could sell his wards' land only through the order of the probate court. Whatever his intention or understanding was, he could not go beyond the authority given him by the court. This power to sell was derived from the court, and was limited to the execution of its order. The land in controversy was not ordered to be sold, nor advertised for sale, nor in fact sold. Under such circumstances it could not be given, by the decree of another court, to Beatty. A court of equity may aid the defective execution of a power, but can not generally supply the want of power. . . . "

In York v. Trigg, 87 Okla. 214, 209 P. 147, we said:

"Where the rights of parties to an action are clearly defined and established by law, equity has no power to change or unsettle such rights. The maxims of equity may be invoked to protect an existing right, but are unavailable to create a right where none exist. Equity follows the law."

Plaintiffs argue that in Swaney v. Leeper, supra, we held that such jurisdiction existed in the district court. In that case no such question was presented or decided. The action was brought to reform a guardian's deed and exclude certain lands therefrom, and apparently the only question presented to this court was the sufficiency of the evidence in the trial court as to whether fraud had been practiced upon the guardian. We simply held in that case that the evidence in the trial court supported the finding that no fraud had been practiced upon the guardian, and affirmed the judgment of the lower court denying reformation. That case has no bearing upon the question presented here.

It follows that the district court of Oklahoma county erred in quieting the title of the plaintiffs to any interest of Noel Robey Sheldon in the land, except the 1/7th interest sold through the county court. The interest of Noel Robey Sheldon in said lands, in excess of the 1/7th interest so sold, is vested in him.

Reversed, with directions to quiet the title of Noel Robey Sheldon in and to an undivided 1/42nd interest in the lands in controversy.

HURST, V.C.J., and WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.